**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                              *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAYSHELL FITZGERALD,** | : | Civil Action No. |
| **2813 N Garnet Street** | : | |
| **Philadelphia, PA 19132** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **ST. MORITZ SECURITY SERVICES, INC.,** | : | |
| **249 Allentown Road** | : | |
| **Souderton, PA 18964** | : | |
| | : | |
| **4600 Clairton Boulevard** | : | |
| **Pittsburgh, PA 15236** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Rayshell Fitzgerald (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Defendant St. Moritz Security Services, Inc. (hereinafter "Defendant"), for violations of Section 1981. In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, St. Moritz Security Services, Inc. is a provider of security

services with a location at 249 Allentown Road, Souderton, PA 18964 and with corporate headquarters located at 4600 Clairton Boulevard, Pittsburgh, PA 15236.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. Jurisdiction and venue are proper in this Court as facts and circumstances that gave rise to this Complaint occurred in the Commonwealth of Pennsylvania, including in and around the Eastern District of Pennsylvania, and Defendant is considered at home in the Eastern District of Pennsylvania

## MATERIAL FACTS

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. Plaintiff is a Black female.

10. In or around September 2022, AgTac Security hired Plaintiff in the position of Security Guard at JBS Beef Plant.

11. Plaintiff was well qualified for her position and performed well.

12. In or around June 2023, Defendant acquired AgTac Security.

13. As a result, Plaintiff became an employee of Defendant.

14. At the start of her employment, Defendant assigned Jennifer Yoder (Caucasian), to train Plaintiff.

15. However, during her first week of work, Yoder refused to train Plaintiff.

16. Instead, Yoder took naps at Defendant during the time she was scheduled to train Plaintiff.

17. During the first few months of her employment, Neil Sciallo (Caucasian), Assistant Director, Gina Halterman (Caucasian), Security Guard, and Faith LNU (Caucasian), Overnight Supervisor, frequently stated that they felt like "Black people were coming in to take over", or words to that effect.

18. Per Plaintiff's job duties, Plaintiff wrote tickets for truck drivers coming to drop off cattle at Defendant.

19. On at least five (5) occasions, these truck drivers spit in the direction of Plaintiff as she was writing their tickets.

20. Throughout October 2022 through July 2023, Plaintiff complained at least five (5) times to Darnessa Fitzgerald (Black), Security Director, and Kyle Batko (Caucasian), Regional Director, of the ongoing racial discrimination.

21. Fitzgerald passed on Plaintiff's complaints to upper management, including Batko.

22. Batko stated he would address the race discrimination.

23. However, Batko failed to take any corrective actions or discipline any of the Caucasian employees in connection with Plaintiff's complaints.

24. In or around early September 2023, Plaintiff texted Stephanie LNU, Human Resources Representative, and complained of race discrimination.

25. Stephanie responded to Plaintiff that she would "pass along the information" to management.

26. Shortly afterwards, Stephanie texted Plaintiff that Defendant would be transferring her to a new location in Cheltenham, PA.

27. Plaintiff asked Stephanie if her hours and pay would be the same.

28. Plaintiff also stated she would be willing to accept the transfer.

29. However, Stephanie never responded to Plaintiff's text message.

30. Approximately two (2) days later, Plaintiff contacted the manager at Defendant's Cheltenham location, Polk LNU, via text message to inquire about her schedule.

31. Plaintiff did not receive a response.

32. The next day, Defendant locked Plaintiff out of Defendant's online employee portal.

33. Plaintiff attempted to contact Defendant regarding her employment status, with no success.

34. As a result, Defendant terminated Plaintiff.

35. Defendants discriminated against Plaintiff due to her race and retaliated against her for complaining about the aforementioned discrimination in violation of Section 1981.

## COUNT I – RACE DISCRIMINATION
## SECTION 1981

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. Plaintiff is a member of a protected class under 42 U.S.C. § 1981, as Plaintiff is Black.

38. Defendant engaged in discriminatory practices against Plaintiff based on Plaintiff's race, including, but not limited to termination.

39. Defendant's actions violated Plaintiff's rights as guaranteed by 42 U.S.C. § 1981.

40. As a result of Defendant's unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RETALIATION
## SECTION 1981

41. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

42. Plaintiff engaged in activity protected by Section 1981 when she reported race discrimination.

43. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

44. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rayshell Fitzgerald, requests that the Court grant her the following relief against Defendant:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Liquidated damages;

(d)   Emotional pain and suffering;

(e)   Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Section 1981.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## **JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                          **RESPECTFULLY SUBMITTED,**

                          **KOLLER LAW, LLC**

Date: June 19, 2025         **By:**  ***/s/ David M. Koller***
                                        David M. Koller, Esquire (90119)
                                        Jordan D. Santo, Esquire (320573)
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com
                                        jordans@kollerlawfirm.com

                                        *Counsel for Plaintiff*